```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
         v.                   )   Criminal No. 08-069
                              )   Civil Action No. 10-1297
ANTHONY J. ALIUCCI            )
```

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said district, submitting as follows:

I.   The Charges And The Scheme To Defraud

On February 6, 2008, the defendant was charged in a 3-count indictment with a violation of the mail fraud statute, 18 U.S.C. § 1341.  The charges were based on a scheme perpetrated by the defendant against Grane Healthcare and Global Nursing Solutions, Inc.  As specifically set forth in the indictment, and as explained in detail in the offense conduct section in the PIR (to which the defendant did not object), the scheme was perpetrated as follows:

In 2003, the defendant owned and operated Nurse Resource Group, Inc. (hereinafter "NRG"), and was in the business of recruiting nurses from foreign countries to work in the United States, due to the shortage of nurses in this country.  Through NRG, he supplied Grane Healthcare in Pittsburgh with several nurses at a time when the owners of Grane were considering starting their

own nursing recruitment business. The owners of Grane formed another company, Global Nursing Solutions, Inc. (hereinafter "Global") and entered into a contract with the defendant, whereby the defendant functioned as an independent contractor for Global from around October 2003 through May 2005. During this time, Global paid the defendant for expenses purportedly incurred by him for recruiting, qualifying, and supplying foreign nurses to Global. Global would then place the nurses at various health care facilities throughout the United States.

The defendant's fraudulent conduct primarily occurred in three ways. First, instead of recruiting and supplying the nurses as promised, he took the money from Global (approximately $500,000) and spent it. When Global questioned him about the delays in getting the nurses to the United States, the defendant came up with numerous excuses for the delays, which were believed by Global to be true. This led to the second aspect of the scheme, which developed when Global hired the defendant in May 2005 as an actual employee (vice president and chief operating officer) of Global, and he was employed in this capacity until around May 17, 2007. Unbeknown to Global, he had previously been defrauding them. Shortly after he was hired, the defendant secretly formed a shell company known as International Healthcare Corporation (hereinafter "IHC") and represented to Global that IHC had performed various services for Global in connection with the recruitment of nurses. Based on these representations, Global paid approximately $176,000

to IHC.

The third aspect of the scheme involved the defendant's false representations to Global that a company in North Carolina known as Nurses Network International (hereinafter "NNI") had provided services to Global, when in fact NNI had not. Based on his representations, Global paid NNI approximately $300,000. Global became suspicious of the payments to NNI and eventually contacted NNI, upon which they learned that the defendant owed a substantial sum of money to NNI from when he was self-employed as a nurse recruiter. The funds paid to NNI from Global were credited by NNI to the outstanding debt owed by the defendant to NNI. On August 5, 2005, as a result of information submitted by the defendant to Global and Grane regarding outstanding charges owed to NNI in North Carolina, Global sent a check for $100,000 to NNI.

II. Argument

In the defendant's Motion To Vacate, Set Aside Or Correct Sentence (hereinafter "the defendant's Motion"), the defendant claims that his conviction should be vacated based on the Supreme Court's recent decisions concerning the honest services/intangible rights theories of prosecution under §§ 1341 and 1346. According to the defendant, the § 1341 charges in the indictment in the instant case were based on such a theory and, therefore, his conviction must be vacated. As set forth below, the defendant's claims are meritless, and the defendant's Motion should therefore be denied.

For purposes of the mail fraud statute, § 1346 provides that "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services."  In 1988, Congress enacted § 1346 to overturn McNally v. United States, 483 U.S. 350 (1987), which held that only property rights, not intangible rights, were protected from schemes to defraud.  After the enactment, courts adopted various interpretations of the scope of § 1346, leading to a vagueness challenge to the statute.

In Skilling v. United States, 130 S.Ct. 2896 (2010), the Court rejected the vagueness challenge, but held that § 1346 criminalizes "only the bribe and kickback core of the pre-McNally case law."  Id. at 2905.  This holding, according to the defendant, vindicates him, and requires that his conviction be vacated because the honest services/intangible rights theory of prosecution under the mail fraud statute (§ 1341) has been rejected by the Supreme Court.

The government's response is that the § 1341 charges in the indictment in this case clearly and obviously were not based on an honest services/intangible rights theory.  Instead, the charges were based on a scheme in which the defendant made numerous and various types of false and fraudulent representations to Grane Healthcare and NRG in order to deprive those victims of money.  The indictment neither expresses nor implies an honest services/intangible rights theory of prosecution.  Indeed, there is no mention of those terms (or § 1346) in any portion of the record

of this case, because the charged scheme, as specifically set forth in the indictment, was based on the defendant's use of false and fraudulent pretenses, representations and promises to defraud the victims of money.

Based on the foregoing, the defendant's Motion should be denied.

                              Respectfully submitted,

                              DAVID J. HICKTON
                              United States Attorney

                              /s/ Shaun E. Sweeney
                              SHAUN E. SWEENEY
                              Assistant United States Attorney
                              U.S. Post Office and Courthouse
                              700 Grant Street
                              Suite 4000
                              Pittsburgh, PA 15219
                              (412) 644-3500 (Phone)
                              (412) 644-4549 (Fax)
                              Shaun.Sweeney@usdoj.gov
                              PA ID No. 53568